[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10824
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00322-ELR-CMS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADOLFO LOZANO-BASURTO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 25, 2019)

Before TJOFLAT and WILSON, Circuit Judges, and HULL, Senior Circuit Judge.

PER CURIAM:

## I.

Adolfo Lozano-Basurto, a Mexican national, is a convicted felon and has illegally re-entered the United States multiple times. Sometime between 2015 and 2018, he again returned to this country illegally to escape alleged organized crime violence. Authorities apprehended him and, as a result, a federal grand jury indicted him for illegal re-entry in violation of 8 U.S.C. § 1326(a) and § 1326(b)(1). The District Court sentenced him within his Guidelines range to 50 months' imprisonment.

Lozano-Basurto appeals, arguing that his sentence was substantively unreasonable because the District Court (1) did not grant a downward variance from his Guidelines range, (2) placed too much emphasis on his criminal history, (3) failed to consider his acceptance of responsibility and reasons for fleeing Mexico, and (4) failed to give adequate weight to the substantial time which has elapsed since his prior drug trafficking conviction. Lozano-Basurto's appeal lacks merit. We therefore affirm.

## II.

The party challenging the substantive reasonableness of a sentence bears the burden to show that the sentence is unreasonable considering the record and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We review the substantive reasonableness of a sentence under an abuse-of-

discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).[1]

Under § 3553(a)(2), the district court must impose a sentence that is sufficient, but not greater than necessary, to: (1) reflect the seriousness of the offense, (2) promote respect for the law, (3) provide just punishment for the offense, (4) deter criminal conduct, and (5) protect the public from the defendant's future criminal conduct.  The court must also consider the criminal history and characteristics of the defendant.  *Id.* § 3553(a)(1).  However, the district court need not specifically address every mitigating factor raised by the defendant for the sentence to be substantively reasonable, *see United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010), and a court's refusal to grant a downward variance alone does not demonstrate that the district court failed to afford consideration to mitigating factors.  *United States v. Lebowitz*, 676 F.3d 1000, 1016 (11th Cir. 2012).

---

[1] The Supreme Court has granted certiorari to determine if a formal objection after a sentence is pronounced is necessary to preserve a claim of substantive unreasonableness for appeal.  *United States v. Holguin-Hernandez*, 746 F. App'x 403 (5th Cir. 2018), *cert. granted*, 139 S. Ct. 2666 (June 3, 2019) (No. 18-7739).  Although Lozano-Basurto did not formally object to his sentence after it was pronounced, we apply our ordinary abuse of discretion standard here while *Holguin-Hernandez* remains pending.  Any subsequent decision in that case will not affect the outcome of this appeal because Lozano-Basurto's claim fails under the less deferential abuse of discretion standard, and therefore his claim would also fail under the more deferential plain error standard.

After considering the relevant § 3553(a) factors, the weight given to any specific factor is committed to the sound discretion of the district court, *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007), unless the sentence was unreasonable because the district court unjustifiably relied on a single factor. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).  In other words, we will not second guess the weight the district court placed on a particular factor or factors when the ultimate sentence is reasonable considering all the circumstances. *Snipes*, 611 F.3d at 872.  We ordinarily expect a sentence falling within the defendant's Guidelines range to be reasonable, and a sentence that is well below the statutory maximum penalty also indicates that the district court imposed a reasonable sentence.  *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

Here, the Court properly considered the § 3553(a) factors in reaching Lozano-Basurto's sentence.  The Court: (1) considered Lozano-Basurto's mitigating personal circumstances, but declined to give them much weight because he knew that his actions were illegal; (2) considered the time which had elapsed since his prior drug trafficking conviction; (3) gave significant weight to the need for deterrence because Lozano-Basurto has repeatedly illegally entered this country; and (4) noted that his sentence reflected his significant criminal history.[2]

---

[2] To the extent that Lozano-Basurto argues that his sentence was unreasonable because the Court did not consider his acceptance of responsibility for his crime, his argument lacks merit

4

Having properly considered the § 3553(a) factors and having weighed them as it saw fit, the Court sentenced Lozano-Basurto to 50 months' imprisonment. This sentence was substantively reasonable because Lozano-Basurto had already received a 41-month sentence for illegal reentry and that sentence did not deter him from returning to this country unlawfully. Given the need for deterrence and his criminal history, the Court did not abuse its discretion by rejecting his request for a downward variance and imposing a sentence within his Guidelines range, which we ordinarily expect to be reasonable, and well below his statutory maximum of 120 months' imprisonment, which also indicates reasonableness. *See Stanley*, 739 F.3d at 656.

Accordingly, the Court imposed a substantively reasonable Guidelines sentence.

**AFFIRMED.**

---

because the Guidelines already credited him for his admission by reducing his total offense level by three before his Guidelines range was calculated.

5